A90A0333. WARD v. COASTAL LUMBER COMPANY, INC.
(395 SE2d 601)

CARLEY, Chief Judge.

Appellant-plaintiff entered into a timber sales agreement which provided, in relevant part, as follows: "In consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration in hand paid . . . , the receipt whereof is hereby acknowledged, [appellant] by these presents has granted, bargained, sold and conveyed . . . the following: All marked timber lying and being in [a certain tract belonging to appellant]. Also, all merchantable timber lying and being on [another certain tract belonging to appellant]. . . . By execution of this agreement, [appellant] does acknowledge receiving the full amount of the purchase price and the receipt and sufficiency of said amount." When this agreement was subsequently assigned to appellee-defendant, it entered onto appel-

lant's property and began to cut timber.

After appellee completed its cutting of timber, appellant initiated this action by filing a two-count complaint. The allegations of Count One of the complaint are somewhat ambiguous and it is unclear whether appellant purports to seek damages under a contract theory or a tort theory, or both. However, included therein is an allegation that appellee had committed a trespass and conversion by cutting and removing more timber from appellant's property than was authorized under the contract. Count Two purported to allege a claim against appellee for abusive litigation. Appellee answered appellant's complaint and subsequently moved for summary judgment as to both counts. This appeal is from the trial court's grant of summary judgment in favor of appellee.

1. Insofar as appellant may seek to recover damages from appellee under a contract theory, the trial court correctly granted summary judgment in favor of appellee. The timber sales agreement that appellant signed is clear and unambiguous. By the terms thereof, appellant conveyed "all marked timber" on one tract and "all merchantable timber" on another. It is undisputed that appellant has received the full sum of money that was mutually agreed upon as consideration for his conveyance. Appellant cannot vary the agreement by parol evidence and now seek to recover from appellee more than was originally agreed upon as the consideration for his conveyance. *Stonecypher v. Ga. Power Co.*, 183 Ga. 498 (1) (189 SE 13) (1936).

2. However, appellant conveyed only "all marked timber" and "all merchantable timber" and, to the extent that either unmarked or unmerchantable timber was cut and removed, appellant would have a viable tort claim for trespass and conversion. OCGA § 51-12-51; *Henderson v. Easters*, 178 Ga. App. 867 (345 SE2d 42) (1986). Accordingly, unless no genuine issue of material fact remains as to appellee's liability under this tort theory, the trial court erred in granting summary judgment.

In its brief, appellee asserts that "[t]here is no evidence in the record of any overcutting by [it] and [it] has never acknowledged any overcutting." At trial, the initial burden will be on appellant to produce evidence that appellee acted in excess of its contractual authority and tortiously cut and removed unmarked and unmerchantable timber. On summary judgment, however, the initial burden was on appellee to produce evidence that it had *not* cut and removed unmarked and unmerchantable timber and, until this burden was met, it was not incumbent upon appellant to produce evidence that appellee had done so. Accordingly, the absence of any evidence that appellee did engage in "overcutting" is no basis for granting the motion for summary judgment unless there is evidence of record that appellee did not engage in "overcutting." We are cited to no such evidence and

our own review of record has revealed none. Accordingly, appellee has not met its burden of showing that no genuine issue of material fact remains as to its liability for tortious "overcutting." It follows that the trial court erred in granting summary judgment in favor of appellee as to appellant's tort claim for the cutting and removal of such timber as he did not convey.

3. The trial court correctly granted summary judgment in favor of appellee as to appellant's abusive litigation claim. The allegations of Count Two of appellant's complaint do not state a viable claim for abusive litigation under OCGA § 51-7-80 et seq. but relate solely to appellee's *pre-litigation* actions. See *Cobb County v. Sevani*, 196 Ga. App. 247 (__ SE2d __) (1990) (construing OCGA § 9-15-14).

4. The trial court's grant of summary judgment in favor of appellee is affirmed as to appellant's contract and abusive litigation claims and is reversed as to appellant's tort claim.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 18, 1990.

*Loftiss, Van Heiningen & Ward, Walter E. Van Heiningen, J. Patrick Ward*, for appellant.
*George C. Floyd*, for appellee.