A94A1012. IBRAHIM v. TALLEY & ASSOCIATES, P. C. et al.
(448 SE2d 707)

ANDREWS, Judge.

The trial court granted summary judgment to Talley & Associates, P. C., Jeffrey Talley and Michael Lord in plaintiff/appellant Ibrahim's suit for abusive litigation. Ibrahim appeals.

In its excellent six-page order, the trial court made the following findings of undisputed fact. In 1989, the Professional Consulting Services of Georgia, Inc. ("PCS") retained the law firm of Jeffrey Talley & Associates, P. C. ("the law firm") to represent it in a Gwinnett County action against former PCS employee, Ali Ibrahim. Talley is the principal and owner of the law firm.

In the action, PCS alleged that Ibrahim breached the nonsolicitation, noncompetition and nondisclosure clauses of his employment agreement with it and committed certain business torts against PCS. The original complaint alleged that the agreement which Ibrahim breached was an August 1986 employment agreement, a copy of which was attached to the complaint. Ibrahim counterclaimed alleg-

ing intentional infliction of emotional distress and breach of the oral employment contract. The law firm amended the complaint and withdrew the allegations relating to the 1986 employment agreement and alleged the existence and breach of a second agreement, which was executed in May 1987. Although the original 1987 employment contract could not be found, an employment contract which was allegedly similar to the signed 1987 agreement was attached.

Ibrahim contends that the law firm withdrew the original complaint because discovery revealed that the 1986 employment agreement contained his forged signature. The law firm, Talley and Lord maintained that the original complaint was amended when it was discovered that the employment agreement was executed in 1987, after Ibrahim had taken a work hiatus and was re-hired. The law firm, Talley and Lord, claimed that this fact made any 1986 agreement irrelevant.

Ibrahim filed a motion for summary judgment, arguing that: 1) he never executed the 1987 employment agreement; 2) such an agreement would be unenforceable; and 3) there was no basis to support PCS's tort claims. On October 24, 1990, the trial court granted the motion with respect to PCS's claims for breach of the noncompetition clause and the nonsolicitation clause on the grounds that the clauses were unenforceable since they did not contain sufficiently specific territorial restrictions. The court denied the remainder of Ibrahim's motion.[1]

The case proceeded to trial on PCS's claims for breach of the nondisclosure clause of the employment agreement and for the tort claims. Ibrahim's counterclaim also was tried. At trial, the court granted Ibrahim's motion for directed verdict on PCS's claims for breach of the nondisclosure clause of the employment agreement. The court also granted PCS's motion for directed verdict on Ibrahim's claim of forgery. PCS's claims for conversion and for intentional interference with contractual and business relations went to the jury. Ibrahim's counterclaim for breach of the oral contract and for intentional infliction of emotional distress also were submitted to the jury.

The jury returned a verdict against PCS on its tort claims and business relations claim. The jury returned a verdict against Ibrahim on his claim for intentional infliction of emotional distress, but in favor of him on his counterclaim for breach of the oral employment contract.

In April 1992, Ibrahim filed the instant action against the law firm and Talley and Lord, individually, alleging that they were liable

---

[1] Defendant/appellee Lord was hired by the law firm in November 1990, *after* the trial court issued its decision on Ibrahim's summary judgment motion.

to him pursuant to OCGA § 51-7-80, the abusive litigation statute. (Ibrahim also sued PCS and its owner, though they are not involved in this appeal.) Ibrahim contended that based upon discovery, Talley, Lord and the law firm knew that the original complaint was based upon a forged document, that the amended complaint was based upon a document that did not exist, and that all of the tort claims which PCS asserted were frivolous. Further, Ibrahim argued that appellees knew that in another superior court case, a similar restrictive covenant was held to be unenforceable. Thus, Ibrahim claimed that the law firm, Talley and Lord acted with malice and bad faith and without substantial justification. Talley, Lord and the law firm asserted that they acted in good faith and that their claims on behalf of PCS were reasonable. They filed a motion for summary judgment, which the court granted.

1. In his first enumeration, Ibrahim contends that the court erred in considering evidence which would have been inadmissible at trial. See generally OCGA § 9-11-56 (e). Specifically, he argues that many of appellees' statements of undisputed fact were based on hearsay from Talley's and Lord's affidavits and that many of the statements set forth opinions and conclusions. He contends that without this inadmissible evidence, there was no competent evidence to support the motion.

This enumeration is without merit. Contrary to Ibrahim's contentions, the statements were not inadmissible hearsay, but testimony to explain conduct. See generally OCGA § 24-3-2; *Lloyd v. Tyson*, 195 Ga. App. 48, 49 (2) (392 SE2d 551) (1990); *Joiner v. Joiner*, 225 Ga. 699 (3) (171 SE2d 297) (1969). Similarly, we find Ibrahim's contentions regarding the allegedly conclusory nature of the affidavits misplaced.

2. In his second enumeration, Ibrahim argues that the lower court erred in finding that the defendants acted in good faith, without malice and with substantial justification in pursuing the lawsuit. In his third enumeration, Ibrahim argues that the court erred in finding that he had not created a factual issue regarding these issues. Citing OCGA § 51-7-80, Ibrahim argues that a jury issue existed since a jury could have inferred that Talley and Lord fabricated the existence of the 1987 employment contract to avoid the consequences of the allegedly forged 1986 contract. Moreover, Ibrahim contends that Talley, Lord and the law firm tried to destroy his business.

There was evidence that Talley, Lord and the law firm reasonably relied upon PCS's representations that Ibrahim's 1987 employment contract was unavailable. Because of this unavailability, PCS provided a form which was believed to be similar to the one which Ibrahim signed. In his affidavit, Talley stated that he had previously represented PCS in employee disputes in which there was a signed

employment contract and that he believed it reasonably probable that Ibrahim had executed such an employment agreement in 1987.

In response to the motion for summary judgment, Ibrahim filed several documents, including his own affidavit and copies of excerpts from the depositions in the Gwinnett County case. In his affidavit, he avowed that he had never signed an employment contract with PCS and that he had produced expert evidence to appellees that the signature on the 1986 contract was a forgery. He also stated that he was told by former employees of PCS that its legal action against him was an effort to put him out of business.

OCGA § 51-7-81 provides that any person who takes an active part in civil proceedings shall be liable for abusive litigation if such person acts with malice and without substantial justification. OCGA § 51-7-80 (5) provides that: " '[m]alice' means acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based."

Here, there was no evidence that Talley, Lord or the law firm conducted the lawsuit with the requisite improper purpose. Assuming, without deciding, that the documents which Ibrahim filed in response to the motion were properly before the court, there was still no evidence that Talley, Lord and the law firm acted with malice and without substantial justification. Though we are mindful that Ibrahim's motion for summary judgment in the underlying suit was denied, we make our determination here without being bound by that prior determination. See generally *Porter v. Felker*, 261 Ga. 421 (405 SE2d 31) (1991); *Dills v. Bohannon*, 208 Ga. App. 531 (431 SE2d 123) (1993) (in the context of denial of summary judgment in the suit involving OCGA § 9-15-14).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 17, 1994 —
RECONSIDERATION DENIED SEPTEMBER 12, 1994 —

*Gerard J. Lupa,* for appellant.
*Millkey & Associates, John M. Millkey, Shapiro, Fussell, Wedge & Smotherman, Robert B. Wedge,* for appellees.