## A07A1163. BACON v. VOLVO SERVICE CENTER, INC.
(654 SE2d 225)

ADAMS, Judge.

Michael Hugh Bacon appeals the trial court's grant of summary judgment to Volvo Service Center, Inc. (VSC) on Bacon's claim of abusive litigation.

Bacon was employed by VSC as a service technician. After Bacon left VSC's employ, he and another former employee formed a new, competing business. VSC filed suit against Bacon,[1] asserting claims for misappropriation of trade secrets, breach of fiduciary duty, statutory computer theft, tortious interference with business relations,

---

[1] The suit also named the other employee and the new business, but they are not parties to this appeal.

employee piracy and conversion of corporate assets. Prior to trial, Bacon filed a motion for summary judgment, which motion was denied by the trial court. The matter proceeded to trial, and at the close of VSC's evidence, Bacon moved for a directed verdict, but the trial court denied the motion. The jury ultimately rendered a verdict against Bacon and in favor of VSC in the amount of $255,579.64.[2] Bacon moved to set aside the verdict or for a new trial, but the trial judge denied the motion. Bacon appealed that decision and this Court reversed, holding in *Bacon v. Volvo Svc. Center*, 266 Ga. App. 543, 544 (597 SE2d 440) (2004) (*"Bacon I"*), that VSC did not meet its burden of proof on its claims. Bacon then filed this action against VSC asserting that the company's original lawsuit had been brought "with malice and without substantial justification in the filing of the lawsuit and in prosecuting the lawsuit to its conclusion."

Under Georgia law, "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) [w]ith malice; and (2) [w]ithout substantial justification." OCGA § 51-7-81. An action for abusive litigation requires proof of both of these elements. *Davis v. Butler*, 240 Ga. App. 72, 75 (522 SE2d 548) (1999). And because OCGA § 51-7-81 is in derogation of common law, it must be strictly construed. *Hallman v. Emory Univ.*, 225 Ga. App. 247, 248 (483 SE2d 362) (1997) (physical precedent only).

VSC filed a motion for summary judgment on Bacon's claim. After briefing and oral argument, the trial court granted that motion, holding that the fact that VSC survived a motion for summary judgment and a motion for directed verdict, and further obtained a successful jury verdict, established that a justifiable basis existed for VSC's claims. The court also relied upon these factors in determining that the claims had been brought in good faith. Bacon contends, however, that this Court's decision in *Bacon I* conclusively established that VSC's claims were substantially without justification because the Court found that VSC had failed to present any evidence to support its claims. We disagree.

This Court rejected a similar argument in *Seckinger v. Holtzendorf*, 200 Ga. App. 604, 605-606 (409 SE2d 76) (1991) (physical precedent only). The Holtzendorfs filed suit against Seckinger, and he counterclaimed for abusive litigation. Seckinger obtained summary

---

[2] Of that amount, $236,574.64 was awarded jointly and severally against all three defendants. A separate award of $19,005 was awarded against Bacon alone.

judgment on the Holtzendorfs' claims, and that judgment was affirmed on appeal.[3] The trial court subsequently granted the Holtzendorfs' motion for summary judgment on Seckinger's abusive litigation claim. Seckinger argued on appeal that the prior grant and affirmance of summary judgment in his favor precluded the grant of summary judgment to the Holtzendorfs on his abusive litigation counterclaim. This Court held that "[t]he recitation in an appellate decision that there was 'no evidence' adduced to create a genuine issue of material fact on motion for summary judgment does not invoke any magical determination" that the defendant obtaining the summary judgment is also entitled to judgment on his or her abusive litigation counterclaim. Id. at 606-607. Conversely, in the analogous context of frivolous litigation under OCGA § 9-15-14, our Supreme Court has held that the denial of summary judgment to a party who is ultimately successful in litigation does not constitute a binding determination that the party cannot recover attorney fees under the statute. *Porter v. Felker*, 261 Ga. 421, 422 (2) (405 SE2d 31) (1991).[4]

Although this case involves the reversal of a jury verdict, we find the reasoning of these cases persuasive in this context. A claim is without substantial justification for purposes of an abusive litigation claim if it is frivolous, "groundless in law or fact," or vexatious. OCGA § 51-7-80 (7). *Bacon I* did not address any of these factors; it merely held that VSC failed to prove its claims at trial. That holding does not amount to a binding determination that the claims were without substantial justification, as Bacon contends. While VSC was "ultimately unsuccessful" in the litigation, it does not automatically follow that VSC engaged in abusive litigation. *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 80 (1) (387 SE2d 34) (1989).

Rather, the trial court was free to analyze VSC's claims under the standard set out in OCGA § 51-7-80. And in doing so, the court properly considered the procedural history of the case. Although the Supreme Court in *Porter v. Felker* held that the denial of summary judgment is not determinative of an OCGA § 9-15-14 motion, it further held that the trial court may only award fees to a party whose motion for summary judgment was denied in an "unusual case" where the trial judge could not foresee at the summary judgment

---

[3] *Holtzendorf v. Seckinger*, 195 Ga. App. 177 (393 SE2d 13) (1990).

[4] See also *Kirsch v. Jones*, 219 Ga. App. 50, 52 (2) (464 SE2d 4) (1995) (grant of summary judgment to defendant does not automatically mean that defendant's later claim of abusive litigation survives summary judgment); *Ibrahim v. Talley & Assoc.*, 214 Ga. App. 609, 611 (2) (448 SE2d 707) (1995) (stating that court not bound by denial of summary judgment in analyzing abusive litigation claim under OCGA § 51-7-81). But compare *Davis v. Butler*, 240 Ga. App. at 74 (1) (holding that the denial of summary judgment did constitute a binding determination that the claim did not lack substantial justification under OCGA § 51-7-80).

stage the facts it later found authorized the fee award. 261 Ga. at 422 (3). Similarly where a plaintiff survives motions for summary judgment and directed verdict and obtains a successful jury verdict, establishing lack of substantial justification requires more than a showing that the verdict was reversed on appeal, such as evidence of fraud. See *Ga. Loan &c. Co. v. Johnston*, 116 Ga. 628 (43 SE 27) (1902) (in malicious use of legal process claim, and in the absence of fraud, a favorable judgment for plaintiff in the trial court, although subsequently reversed on appeal, is conclusive evidence of probable cause to bring the claim). Because Bacon failed to make any showing beyond his successful appeal in response to VSC's motion for summary judgment, the trial court properly found that VSC's claims did not lack substantial justification.

Moreover, "good faith" is a complete defense to an abusive litigation claim. OCGA § 51-7-82 (b); *Kirsch v. Jones*, 219 Ga. App. 50, 52 (2) (464 SE2d 4) (1995). In this context the applicable standard for the good faith defense "is what would be objectively reasonable for a competent attorney under the circumstances." *Kendrick v. Funderburk*, 230 Ga. App. 860, 864 (3) (498 SE2d 147) (1998). OCGA § 51-7-80 (4). Although questions of reasonableness are generally for the jury, given that VSC was successful at every stage of the litigation prior to the appeal, the trial court was authorized to determine as a matter of law that the company acted in good faith in filing and pursuing its claims.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 13, 2007.

*Robert W. Hughes, Jr.*, for appellant.
*Tanya A. Eades*, for appellee.