# FOURTH DIVISION
## DOYLE, P. J.,
## ANDREWS and BOGGS, JJ.

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 20, 2012

# In the Court of Appeals of Georgia

A12A0637. PETROLEUM REALTY II, LLC et al. v. MORRIS,   BO-030
        MANNING & MARTIN, LLP.

BOGGS, Judge.

Petroleum Realty II, LLC and Petroleum Realty V, LLC (collectively "Petroleum Realty") appeal from a superior court order granting Morris, Manning & Martin, LLP's ("MMM") motion to dismiss. Petroleum Realty asserts that the trial court erred by concluding its complaint for abusive litigation failed as a matter of a law because it could not establish that MMM acted "[w]ithout substantial justification" as required by OCGA § 51-7-81. For the reasons explained below, we disagree and affirm.

We review the trial court's grant of a motion to dismiss for failure to state a claim de novo, and will not affirm unless

(1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citations and footnote omitted.) *Professional Energy Mgmt. v. Necaise*, 300 Ga. App. 223, 224 (1) (684 SE2d 374) (2009). See OCGA § 9-11-12 (b) (6).

Petroleum Realty's abusive litigation complaint is based upon lis pendens notices filed by MMM on behalf of its clients in 11 Georgia counties. In *Boca Petroco Inc. v. Petroleum Realty II*, 285 Ga. 487 (678 SE2d 330) (2009), the Supreme Court of Georgia affirmed this court's conclusion that a lis pendens may *not* be filed in Georgia to give notice of litigation pending outside of Georgia that involves the Georgia property. See *Boca Petroco Inc. v. Petroleum Realty II*, 292 Ga. App. 833 (666 SE2d 12) (2008). The trial court here concluded that the lis pendens filed by MMM did not lack substantial justification as a matter of law, however, reasoning that "[a]lthough a divided Georgia Supreme Court eventually ruled against the actions

2

taken by [MMM], the issue had not been decided when the *lis pendens* at issue were filed. The lower courts in this [S]tate, and other states throughout the country, reached different results on this issue." The trial court's order did not address the issue of malice.

On appeal, Petroleum Realty asserts the superior court examined the issue of substantial justification too narrowly, contending it should have also considered whether "MMM was substantially justified in maintaining the notices of lis pendens after acquiring knowledge that the underlying [Florida] litigation was abusive." In order to evaluate this argument, we must examine the requirements of the abusive litigation statute and the law governing notices of lis pendens generally.

OCGA § 51-7-81 provides: "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; *and* (2) Without substantial justification." (Emphasis supplied.) "An action for abusive litigation requires proof of both of these elements. And because OCGA § 51-7-81 is in derogation of common law, it must be strictly construed." (Citations omitted.) *Bacon v. Volvo Svc. Center*, 288 Ga. App. 399, 400 (654 SE2d 225) (2007).

OCGA § 51-7-80 (5) defines "malice" as "acting with ill will or for a wrongful purpose" and OCGA § 51-7-80 (8) defines "wrongful purpose" as "[a]ttempting to unjustifiably harass or intimidate another party or witness to the proceeding" or "[a]ttempting to unjustifiably accomplish some ulterior or collateral purpose other than resolving the subject controversy on its merits." A claim is without substantial justification for purposes of an abusive litigation claim if it is "frivolous," "groundless in fact or law," or "vexatious." OCGA § 51-7-80 (7).

The purpose of a lis pendens "is one of notice, that is, the aim is to inform prospective purchasers that real property is directly involved in a pending lawsuit, in which lawsuit there is some relief sought in regard to that particular property." [Cit.] *Boca Petroco*, supra, 285 Ga. at 488. One of the essential elements of a valid and effective lis pendens is that "the real property must be 'involved' in the suit, i.e., it must be property which is 'actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property.'" (Citation and punctuation omitted.) Id. at 489.

With these guidelines in mind, we turn to the allegations in the complaint at issue in this case. Petroleum Realty urges this court to find a lack of substantial justification for the notices of lis pendens filed by MMM based upon an alleged lack

4

of substantial justification for the underlying claim for specific performance in Florida. This we cannot do, as we are obligated to strictly construe the abusive litigation statute. *Bacon*, supra, 288 Ga. App. at 400. We will therefore only look to the notices of lis pendens filed by MMM to determine whether the trial court properly concluded that Petroleum Realty failed to state a claim for abusive litigation.

The vast majority of Petroleum Realty's allegations against MMM in its complaint and on appeal go to the malice element of an abusive litigation claim.[1] But as previously noted, Petroluem Realty must also demonstrate a lack of "substantial justification." Based upon our review of the complaint, the only allegation which potentially supports this element of Petroleum Realty's abusive litigation claim follows:

> In the fall of 2006, [MMM's clients] amended an earlier suit that they had initiated relating to the Florida properties, to include a request for specific performance to consummate the sale of the Properties in Georgia, and thus, create a basis for the filing of the *lis pendens* in Georgia. The claim for specific performance was not an available remedy for [MMM's clients] as the Leases/Amended Leases upon which the rights were premised had been terminated as a matter of law as a

---

[1] Specifically, Petroleum Realty alleges that MMM knew that its clients' underlying claim for specific performance in Florida had no valid basis and was being asserted to avoid collection of a large judgment.

result of [MMM's clients]' material breaches. The claims for specific performance, as well as other claims asserted by [MMM's clients] were later dismissed as barred by the judgement entered in [a] 2004 Lawsuit. Even after being notified of this dismissal, all of the Defendants continued to refuse to cancel the *lis pendens*.

Based upon these allegations, Petroleum Realty asserts that MMM continued the lis pendens proceedings "without substantial justification" because dismissal of its clients' claim for specific performance in Florida meant that the Georgia property identified in the notices of lis pendens was no longer "involved" in the Florida litigation.[2] MMM counters this assertion by pointing to pleadings and exhibits thereto[3] showing that its clients attempted to appeal the order dismissing their specific performance claim, but the appeal was dismissed and their right to appeal was preserved until the Florida court issued a final order in the pending action.

A lis pendens may properly remain in effect to give notice that property is involved in a pending lawsuit until a party's right to appellate review has been

---

[2] The Florida court did not dismiss all of the claims asserted by MMM's clients.

[3] "[A] trial court may properly consider exhibits attached to and incorporated in the pleadings in considering a motion to dismiss for failure to state a claim for relief." (Citation and footnote omitted.) *Hendon Properties. v. Cinema Dev.*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005).

extinguished. See *Vance v. Lomas Mortgage USA*, 263 Ga. 33, 36 (1) (426 SE2d 873) (1993); *Executive Excellence v. Martin Bros. Investments*, 309 Ga. App. 279, 283 (1) (a) (710 SE2d 169) (2011). Consequently, MMM's failure to withdraw the notices of lis pendens based upon the non-final dismissal of its clients' specific performance claim does not demonstrate that it continued the notices of lis pendens "without substantial justification."

For all of the above-stated reasons, Petroleum Realty cannot establish that MMM acted without substantial justification and we need not address the malice element of its abusive litigation claim. We therefore affirm the trial court's order dismissing Petroleum Realty's abusive litigation claims against MMM.

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*

7