Barnes, Presiding Judge, concurring in part and dissenting in part.
Because Rogers seeks damages solely for the conduct of counsel undertaken as part of the initiation, continuation, and procurement of civil proceedings on their client's behalf, all of Rogers's claims should be dismissed under the exclusive remedy provision of Georgia's statutory scheme governing abusive litigation, OCGA § 51-7-80 et seq. (the "abusive litigation statute"). Accordingly, I believe that the trial court erred by not dismissing all of Rogers's claims, and I therefore respectfully dissent in part from the majority opinion.[1]
Georgia's abusive litigation statute provides: "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; and (2) Without substantial justification." OCGA § 51-7-81. The abusive litigation statute strikes a balance between the competing public interests of preserving free access to the courts and preventing "serious abuses of lawsuit filing." Phillips v. MacDougald , 219 Ga. App. 152, 156 (2) (g), 464 S.E.2d 390 (1995). This balance is intended to prevent the "proliferation of unnecessary causes of action for the alleged improper filing of lawsuits [which] would have a chilling effect on the exercise by citizens of their right of access to the courts." Id. at 157 (2) (g), 464 S.E.2d 390.
Notably, Georgia's abusive litigation statute contains an exclusive remedy provision. OCGA § 51-7-85 states: "[N]o claim other than as provided in this article or in Code Section 9-15-14 shall be allowed, whether statutory or common law, for the torts of malicious use of civil proceedings, malicious abuse of civil process, nor abusive litigation.... This article is the exclusive remedy for abusive litigation." And, "we look to the substance and not the style of a particular claim to determine whether it amounts to a claim for abusive litigation" that is preempted under OCGA § 51-7-85. Meadow Springs Recovery v. Wofford , 319 Ga. App. 79, 82 (1), 734 S.E.2d 100 (2012). As we have emphasized, plaintiffs "may not avoid the requirements of the statute merely by characterizing their claims arising from the allegedly abusive lawsuit as" some other cause of action. Slone v. Myers , 288 Ga. App. 8, 11 (2), 653 S.E.2d 323 (2007), overruled in part on other grounds, Reeves v. Upson Regional Med. Center , 315 Ga. App. 582, 726 S.E.2d 544 (2012).
Rogers's claims, regardless of how characterized in his complaint, fell within the purview of the abusive litigation statute. All of the misconduct alleged to have been committed by Brindle's attorneys occurred in the *833 course of their representation of Brindle on her sexual harassment claim and took place either during the litigation of that claim in Fulton and Cobb Counties or as part of the prelitigation activity associated with that claim that was alleged to be part of the same "scheme" and "conspiracy." Hence, all of Rogers's claims were predicated on attorney conduct that was part of "the initiation, continuation, or procurement of civil proceedings," OCGA § 51-7-81, and the claims thus were preempted by the exclusive remedy provision of the abusive litigation statute, OCGA § 51-7-85.
While the majority acknowledges that Count 2 of Rogers complaint was preempted by Georgia's abusive litigation statute, the majority concludes that the remaining counts were not preempted because they involved allegations about the conduct of Brindle's attorneys relating to the video and settlement demand letter that took place before any legal action commenced. In support of this conclusion, the majority relies upon Ward v. Coastal Lumber Co. , 196 Ga. App. 249, 395 S.E.2d 601 (1990), for the proposition that pre-litigation activities do not give rise to a viable abusive litigation claim. The present case, however, is distinguishable.
Ward involved allegations of improper conduct in cutting and removing timber from the plaintiff's property and included two counts, one for conversion/trespass and the other for abusive litigation, both against the defendant lumber company that cut down the timber. Ward , 196 Ga. App. at 249-250, 395 S.E.2d 601. Without discussing the substance of the allegations of abusive litigation, this Court held that there was no legal basis for an abusive litigation claim because the plaintiff's claims "relate[d] solely to [the defendant's] pre-litigation actions." (Emphasis omitted.) Id. at 251 (3), 395 S.E.2d 601. Unlike Ward , the present case involves claims against attorneys arising from their representation of their client leading up to and during the course of litigation, and the prelitigation and litigation conduct all relate to the same sexual harassment claim. Moreover, Rogers's complaint alleged an ongoing "scheme" and "conspiracy" by Brindle's attorneys that began with prelitigation conduct and continued through the course of civil proceedings in Fulton and Cobb Counties. Hence, in contrast to those in Ward , Rogers's claims against Brindle's attorneys for their alleged prelitigation misconduct in procuring the video and sending the settlement demand letter were interconnected with the litigation that ensued between Rogers and Brindle.
Furthermore, by its plain language, Georgia's abusive litigation statute applies to conduct involved in the "initiation" and "procurement" of civil proceedings. See OCGA § 51-7-81. And, the initiation and procurement of a lawsuit by an attorney typically entails at least some prelitigation activity by counsel. See, e.g., Kendrick v. Funderburk , 230 Ga. App. 860, 864-865 (3), 498 S.E.2d 147 (1998) (discussing need for counsel to conduct reasonable inquiry into the facts and the law before filing suit). Thus, in determining whether claims are preempted by the abusive litigation statute, an artificial boundary should not be placed between the prelitigation conduct of counsel and counsel's conduct during the ensuing litigation, particularly in a case like the present one, where all of the conduct is factually connected and alleged to be part of an ongoing scheme and conspiracy involving the attorneys.
For these reasons, all of Rogers's claims, including those based on alleged prelitigation misconduct by Brindle's attorneys, are preempted by Georgia's abusive litigation statute. Rogers therefore needed to comply with the statutory prerequisites for bringing an abusive litigation claim, including providing statutory notice in accordance with OCGA § 51-7-84 (a), which he failed to do. See Phillips , 219 Ga. App. at 157 (4), 464 S.E.2d 390 ("The written notice required by OCGA § 51-7-84 (a) is a condition precedent to any claim for abusive litigation."). Consequently, this Court should conclude that the trial court erred in failing to dismiss all of Rogers's claims.[2]

The majority holds, in footnote 4, that our consideration of this issue is truncated by a deficiency in the enumeration of errors in case A16A1715. That holding is error. See Felix v. State , 271 Ga. 534, 539-540, 523 S.E.2d 1 (1999) ("The individual facets of appellants' attack on the legal ruling with which they took issue are arguments in support of a legal position and are not, in and of themselves, errors of law. Because the arguments supporting a position concerning a legal ruling are not themselves legal rulings, they do not have to be enunciated in the enumeration of errors in order to merit appellate consideration. Such arguments, however, must be addressed by the appellate court if necessary to its decision on the issue of the propriety of the trial court's ruling.").

I acknowledge that the parties represent, as has been reported in the press, that the defendants were acquitted at trial. But this court cannot take formal cognizance of that fact, and it does not affect my analysis.