A98A1158. GREAT WESTERN BANK et al. v. SOUTHEASTERN BANK.
(507 SE2d 191)

BEASLEY, Judge.

Southeastern Bank filed this action for abusive litigation against Great Western Bank, and against the attorneys who represented Great Western, in its suit against Southeastern in the United States District Court for the Southern District of Georgia. Defendants moved to dismiss on the ground that a state action for abusive litigation may not be brought where the plaintiff had the remedy of Federal Rule of Civil Procedure 11 sanctions available in underlying federal litigation. We granted defendants' application for interlocutory appeal from the trial court's denial of their motion.

In the prior action in federal court based on diversity of citizenship, Great Western charged an automobile dealership and its owners with violations of the state and federal RICO statutes as a result of a check-kiting scheme carried on between accounts at Great West-

ern and Southeastern. Southeastern was added as a defendant based on allegations that it had participated in the scheme. Southeastern provided notice that it intended to pursue remedies under Rule 11 and the Georgia abusive litigation statute if the claims against it were not withdrawn. Southeastern's motion to dismiss was later granted. Rather than seeking relief under Rule 11, it turned to the state court and invoked state law.

Two essential questions are raised: (1) Did the Georgia legislature intend our abusive litigation statute to be applied to federal lawsuits? (2) Did the United States Congress intend Rule 11 and other federal statutes to be the exclusive remedy for the abusive assertion of federal claims in federal courts? We begin our analysis by reviewing various state and federal court decisions, statutes, and rules relating to abusive litigation.

The 1989 enactment of this state's abusive litigation statute was preceded by the passage of OCGA § 9-15-14 in 1986 and the Supreme Court of Georgia decision in *Yost v. Torok*[1] later the same year. OCGA § 9-15-14 provides for an award of attorney fees and expenses of litigation where there is a complete absence of factual or legal support for a claim, defense or other position[2] or where an attorney or party brought or defended an action that lacked substantial justification.[3] By its terms, OCGA § 9-15-14 only applies to civil actions brought in courts of record in this state.[4]

Shortly before the effective date of OCGA § 9-15-14, the Court in *Yost* re-defined into a single cause of action the common law torts relative to abusive litigation, i.e., malicious abuse and use of process.[5] *Yost* adopted the language of OCGA § 9-15-14 but recognized that it governs only two elements of damages for abusive litigation and does not resolve problems relative to other elements of recovery.[6] The Court in *Yost* stated that the claim it was creating was derivative in nature and had to be brought as part of the underlying proceeding as a compulsory counterclaim or additional claim.[7]

In 1989, the legislature replaced *Yost* with the abusive litigation statute.[8] It provides for an award of all damages allowed by law against any person who takes an active part in litigation and acts with malice and without substantial justification.[9] Unlike both *Yost*

---

[1] 256 Ga. 92 (344 SE2d 414) (1986).
[2] OCGA § 9-15-14 (a).
[3] OCGA § 9-15-14 (b).
[4] OCGA § 9-15-14 (a).
[5] 256 Ga. at 95-96 (9-13).
[6] See *Yost v. Torok*, supra, 256 Ga. at 95 (9), (10).
[7] Id. at 96 (14).
[8] OCGA § 51-7-80 et seq.
[9] OCGA §§ 51-7-81; 51-7-83 (a).

and OCGA § 9-15-14, the statute creates an independent cause of action and is not procedurally ancillary to the underlying proceeding, except where only attorney fees are sought.[10]

Although the abusive litigation statute applies to civil proceedings generally[11] and does not expressly limit its applicability to actions brought in state court,[12] the statute has an "exclusive remedy" provision, OCGA § 51-7-85, which states: "[N]o claim other than as provided in this article or in Code Section 9-15-14 shall be allowed, whether statutory or common law, for the torts of malicious use of civil proceedings, malicious abuse of civil process, nor abusive litigation. . . . This article [shall be] the exclusive remedy for abusive litigation."

Nonetheless, we have not held that the abusive litigation statute ousts OCGA § 13-6-11 (authorizing recovery of expenses of litigation by plaintiff where defendant has acted in bad faith, been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense) or OCGA § 9-11-37 (providing sanctions for discovery abuse). And, in 1996, the legislature passed OCGA § 9-11-11.1 (b), which authorizes sanctions for abusive litigation that seeks to chill exercise of certain First Amendment rights.

Rule 11 and OCGA § 9-15-14 are analogous. Rule 11 authorizes the court in which an action is brought to award reasonable attorney fees and other expenses where pleadings or motions are presented for an improper purpose or where claims or defenses are without legal or evidentiary support.[13]

1. Since the abusive litigation claim set forth in OCGA § 51-7-80 et seq. is maintainable as an independent cause of action in a court other than the one in which the underlying litigation occurred, it is a substantive tort. But as a statute which functions as the successor to *Yost* and operates in tandem with OCGA § 9-15-14,[14] it is also a mechanism for the deterrence of abusive litigation in the courts of this state.

Although the statute is not by its terms limited to state court proceedings, its exclusive remedy provision makes clear that the legislature would not have intended it to apply in another forum in which sanctions are available under a device comparable to OCGA § 9-15-14. Given our legislature's failure to expressly repeal OCGA § 13-6-11 and its enactment of OCGA § 9-11-11.1 (b), it does not, how-

---

[10] *Hallman v. Emory Univ.*, 225 Ga. App. 247, 248 (483 SE2d 362) (1997) (physical precedent only).
[11] OCGA § 51-7-81.
[12] OCGA § 51-7-80 (1).
[13] Rule 11 (b) (1)-(4).
[14] See OCGA §§ 51-7-83 (b), (c); 51-7-85.

ever, appear that the exclusive remedy section was intended to displace state statutes such as these which apply in limited contexts.

2. Although the question of whether Congress intended federal law to provide the exclusive remedy for abusive federal litigation is moot, we note that our holding in Division 1 is consistent with views espoused by the majority of federal courts which have been presented with claims for abusive litigation under Georgia law.

We have examined seven federal cases in Georgia, consisting of five decisions by United States District Courts for the Northern District (*Majik Market v. Best*,[15] *Union Carbide Corp. v. Tarancon Corp.*,[16] *Thomas v. Brown*,[17] *A. L. Williams Corp. v. Faircloth*,[18] and *Chromatics v. Telex Computer Products*[19]), one decision by the District Court for the Middle District (*East-Bibb Twiggs Neighborhood Assn. v. Macon-Bibb Planning &c. Co.*[20]), and one decision by the Southern District Court (*Westinghouse Credit Corp. v. Hall*).[21] All of these cases except *Hall* involved *Yost* claims.

Only in *Chromatics* did the court hold that it had jurisdiction of the *Yost* claim. There, the court determined that a *Yost* claim may be brought in federal court because it is a substantive cause of action which replaced common laws torts that were federally cognizable.[22] But in *A. L. Williams*[23] and *Best*,[24] the courts characterized a *Yost* claim as a permissive counterclaim under federal law, thereby holding that they were without subject matter jurisdiction of the claim in a non-diversity case. In *Tarancon*[25] and *Thomas*,[26] the courts held that a *Yost* claim may not be raised in federal court even if as a permissive counterclaim it satisfies requirements for diversity jurisdiction, because it is arguably a procedural device which federal courts would not be subject to follow under the *Erie* doctrine and not a substantive cause of action. The courts in *Tarancon*,[27] *Thomas*,[28] and *Best*[29] reasoned that Rule 11 provides an adequate remedy for abusive litigation in federal courts. The courts reached this conclusion

---

[15] 684 FSupp. 1089 (N.D. Ga. 1987).
[16] 682 FSupp. 535 (N.D. Ga. 1988).
[17] 708 FSupp. 336 (N.D. Ga. 1989).
[18] 120 FRD 135 (N.D. Ga. 1987).
[19] 695 FSupp. 1184 (N.D. Ga. 1988).
[20] 674 FSupp. 1475 (M.D. Ga. 1987).
[21] 144 BR 568 (S.D. Ga. 1992).
[22] 695 FSupp. at 1186.
[23] 120 FRD at 138 (1), (2).
[24] 684 FSupp. at 1090-1092 (1)-(4).
[25] 682 FSupp. at 544-546 (19).
[26] 708 FSupp. at 338-339 (4).
[27] 682 FSupp. at 545.
[28] 708 FSupp. at 339.
[29] 684 FSupp. at 1092.

notwithstanding the fact that sanctions available under Rule 11 (c) (2) are more limited than those provided by *Yost*.[30]

Similarly in *East-Bibb*[31] the court held that Congress specifically addressed the problem of abusive litigation when it promulgated Rule 11, thereby preempting this entire area of the law. In *Hall*, the court dismissed an abusive litigation claim on the ground that notice required by OCGA § 51-7-84 (a) had not been provided[32] but questioned whether it lacked jurisdiction of the claim under the principles applicable to OCGA § 9-15-14 and *Yost*.[33]

According to the Restatement (Second) of the Conflict of Laws, the rights and liabilities of the parties for torts of malicious prosecution or abuse of process are determined by the law of the state where the proceeding complained of occurred unless, with respect to the particular issue, some other state has a more significant relationship. The proceeding in this case took place in a federal district court in Georgia rather than in a court of another state, but the considerations set forth in the Restatement are the same. The court of the forum in which the proceeding occurred has the overriding interest in determining questions concerning the sanctions to be imposed for litigation abuses in that proceeding.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 17, 1998 — 

*Oliver, Maner & Gray, Inman G. Hodges, Patricia T. Paul,* for appellants.

*Kent, Worsham & Smart, A. Martin Kent, Hugh M. Worsham, Jr., Marvin L. Pipkin,* for appellee.

---

[30] See also *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991).

[31] 674 FSupp. at 1476-1477 (1).

[32] 144 BR at 579 (26).

[33] Id., n. 2.