Javier CARBAJAL–RAMIREZ, Maria Lourdes Gonzalez, Ofelia Covarrubias, Maria De Refugio Gutierrez, Juana Gonzalez–Gutierrez, Marcela Gonzalez–Gutierrez, Delia Gutierrez, Rosalba Gutierrez–Franco, Juan Carlos Gutierrez, Levin Hagan, Mary Alice Leach And Gabriel Parra–Diaz, Abelardo Carbajal–Ramirez, Daniel Carbajal–Ramirez, Maria De Jesus Ramirez, Ismael Hernandez–Lomeli, Ana Mora–Ramiez, Maria Ramirez–Paredes, Benigno Sanchez, and Elba Sanchez, and all others similarly situated, Plaintiffs,

v.

BLAND FARMS, INC. and Delbert Bland, individually, Defendants.

No. 601CV056.

United States District Court, S.D. Georgia, Statesboro Division.

Nov. 20, 2001.

Dawson Morton, Tifton, GA, Lisa J. Krisher, Atlanta, GA, for Plaintiffs.

Leigh Duann Cowart, Glen A. Cheney, PC, Reidsville, GA, for Defendants.

### *ORDER*

EDENFIELD, District Judge.

Plaintiffs, a class of farm workers, bring this Fair Labor Standards Act, 29 U.S.C. §§ 201–219, Immigration and Naturalization Act, 8 U.S.C. § 1188, Wagner–Peyser Act, 29 U.S.C. § 49, and contract action against defendants Bland Farms, Inc. and Delbert Bland. Doc. ## 1, 4, 16. Defendants counterclaim for frivolous litigation. Doc. # 7 at 15–16. Plaintiffs move under F.R.Civ.P. 12(b)(6)[1] to dismiss it. Doc. # 9.

### I. *ANALYSIS*

Defendants counterclaim on two grounds: (1) plaintiff's counsel—the Legal Services Corporation (LSC)—cannot initiate or participate in class action complaints, so the Court should impose "*ultra vires*" damages; and (2) the plaintiffs' suit

---

**1.** In such case, the Court applies the principles outlined in *Shands Teaching Hosp. &*

is frivolous and harassing. Doc. # 7 at ¶¶ 102–107.

### A. LCS Authority

■ Constitutional questions aside, *see Legal Services Corporation v. Velazquez,* 531 U.S. 533, 121 S.Ct. 1043, 1051–52, 149 L.Ed.2d 63 (2001), the "powers and duties" part of the LCS authorization statute clarifies that

> [n]o question of whether representation is authorized under this subchapter, or the rules, regulations or guidelines promulgated pursuant to this subchapter, shall be considered in, or affect the final disposition of, any proceeding in which a person is represented by a recipient or an employee of a recipient. A litigant in such a proceeding may refer any such question to the Corporation which shall review and dispose of the question promptly, and take appropriate action. This subparagraph shall *not* preclude judicial review available under applicable law.

42 U.S.C. § 2996e(b)(1)(B) (emphasis added). Therefore, the Court cannot entertain defendants' "*ultra vires*" argument. *In re Reyes* 814 F.2d 168, 170 (5th Cir. 1987), *cert. denied* 487 U.S. 1235, 108 S.Ct. 2901, 101 L.Ed.2d 934 (1988), and *Holland v. Steele,* 92 F.R.D. 58, 60–61 (N.D.Ga. 1981).

### B. Frivolous claims

■ Defendants next insist that plaintiffs' suit is frivolous. Doc. # 7 ¶¶ 106–07. While they point to 28 U.S.C. § 1927, the vexatious litigation statute, that does *not* create a separate cause of action. *See Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 914 n. 3 (11th Cir.1982). One pursues § 1927 relief, then, through an

---

*Clinics Inc. v. Beech Street Corp.,* 208 F.3d 1308, 1310 (11th Cir.2000).

attorney fee petition, *see id.,* not a counter-claim.

 For the same reason, the defendants cannot invoke F.R.Civ.P. 11. *Cohen v. Lupo,* 927 F.2d 363, 365 (8th Cir.1991); *see also Bus. Guides, Inc. v. Chromatic Communications Enter. Inc.,* 498 U.S. 533, 553, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991); *Handeen v. Lemaire,* 112 F.3d 1339, 1345 (8th Cir.1997); *Port Drum Co. v. Umphrey,* 852 F.2d 148, 151 (5th Cir. 1988). Similarly, 42 U.S.C. § 2996e(f) supplies no support:

> If an action is commenced by the Corporation or by a recipient and a final order is entered in favor of the defendant and against the Corporation or a recipient's plaintiff, the court shall, upon *motion* by the defendant and upon a finding by the court that the action was commenced or pursued for the sole purpose of harassment of the defendant or that the Corporation or a recipient's plaintiff maliciously abused legal process, enter an order (which shall be appealable before being made final) awarding reasonable costs and legal fees incurred by the defendant in defense of the action, except when in contravention of a State law, a rule of court, or a statute of general applicability[; a]ny such costs and fees shall be directly paid by the Corporation.

42 U.S.C. § 2996e(f) (emphasis added). Like § 1927, then, defendants must resort to a § 2996e(f) *motion,* not a counterclaim.

Defendants cannot invoke State law, either. "Congress[, through Rule 11,] has simply pre-empted this entire area of the law." *East–Bibb Twiggs Neighborhood v. Macon–Bibb Planning,* 674 F.Supp. 1475 (M.D.Ga.1987); *cf. Union Carbide Corp. v. Tarancon Corp.,* 682 F.Supp. 535, 544 (N.D.Ga.1988) (Rule 11 preempts O.C.G.A. § 51–7–80 *et. seq's* predecessor action, *Yost v. Torok,* 256 Ga. 92, 344 S.E.2d 414 (1986)).

Even were preemption not a factor, the very text of Georgia's frivolous litigation statute, O.C.G.A. § 9–15–14(a), specifies that it does not apply to a federal court even if that court sits in Georgia. *Great Western Bank v. Southeastern Bank,* 234 Ga.App. 420, 423–24, 507 S.E.2d 191 (1998); *Edwards v. Associated Bureaus, Inc.,* 128 F.R.D. 682, 683 (N.D.Ga.1989); *Thomas v. Brown,* 708 F.Supp. 336, 338–39 (N.D.Ga.1989); *Bruce v. Wal–Mart Stores, Inc.,* 699 F.Supp. 905–06 (N.D.Ga.1988).

And—once again, like § 1927—defendants could not state a counterclaim for abusive litigation under O.C.G.A. § 51–7–80 *et. seq.,* in any event because § 51–7–84(b) requires that such a claim follow final termination of the proceeding in which the abuse occurs.

## II. *CONCLUSION*

Plaintiffs' motion to dismiss (doc. # 9) is ***GRANTED.*** Defendants' counterclaim is ***DISMISSED WITHOUT PREJUDICE.***