**FIRST DIVISION**
**BARNES, P. J.,**
**ANDREWS and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 4, 2018**

# In the Court of Appeals of Georgia

A18A0522. COEN v. APTEAN, INC. et al.

BARNES, Presiding Judge.

Timothy F. Coen appeals the trial court's order dismissing his complaint alleging abusive litigation against his former employer, the employer's law firm, and several other defendants. The complaint alleged that the defendants engaged in abusive litigation under OCGA § 51-7-80 et seq. based on their conduct and tactics in a prior lawsuit and sought damages for mental distress under OCGA § 51-12-6 and punitive damages under OCGA § 51-12-5.1. The trial court dismissed the complaint for failure to state a claim upon which relief could be granted because it lacked allegations of special damages sustained by Coen and because punitive damages were not available for statutory abusive litigation claims.

For the reasons set forth below, we conclude that a plaintiff pursuing a statutory abusive litigation claim is not required to plead special damages and instead can elect to seek general damages for mental distress under OCGA § 51-12-6 for a defendant's malicious, wilful, or wanton misconduct in the underlying litigation. In contrast, we conclude that, as established by our precedent, a plaintiff cannot recover punitive damages under OCGA § 51-12-5.1 for a statutory abusive litigation claim. Accordingly, we affirm in part and reverse in part the trial court's dismissal of Coen's complaint for abusive litigation.

We begin with the well-settled standard that a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo.

2

(Citations and punctuation omitted.) *RES-GA McDonough, LLC v. Taylor English Duma LLP*, 302 Ga. 444, 445-446 (807 SE2d 381) (2017). Guided by these principles, we turn to the record in the present case.

*The Contract Lawsuit.* The allegations of abusive litigation relate to a breach of contract lawsuit that Coen filed in 2012 against his former employer, CDC Software Corporation, in the State Court of DeKalb County in which Coen sought severance payments allegedly owed to him as part of his discharge from the company (the "Contract Lawsuit").[1] In the Contract Lawsuit, the trial court granted partial summary judgment to Coen on several counts of his complaint, including breach of contract. Pursuant to OCGA § 9-15-14 (a) and (b), the trial court thereafter entered an order granting attorney fees and expenses to Coen against CDC Software, its law firm, Sutherland Asbill & Brennan LLP n/k/a Eversheds Sutherland (the "Sutherland Firm"), and Aptean. The trial court found that the defendants had "adopted a strategy of litigation by attrition" and had "vigorously litigated baseless defenses in the hopes of litigating [Coen], an individual with very limited resources, to the point where he could no longer afford to continue without settling for a lesser sum." The trial court

---

[1] CDC Software was purchased by Aptean, Inc. during the Contract Lawsuit, and Aptean was added as a party defendant in that case.

concluded that the defendants' "strategy constitutes the very bad faith OCGA § 9-15-14 exists to prevent, and the very bad faith that warrants an award of attorney[] fees and expenses." Based on its findings and conclusions regarding the defendants' misconduct, the trial court awarded Coen $174,400.00 in attorney fees and $2,084.80 in expenses.

*The Initial Abusive Litigation Lawsuits.* Coen voluntarily dismissed his remaining claims in the Contract Lawsuit in September 2014. In 2015, Coen filed three abusive litigation actions in the State Court of Fulton County, relying on the trial court's findings of misconduct in the Contract Lawsuit.[2] Specifically, in February 2015, he filed an abusive litigation lawsuit against the Sutherland Firm and Allegra Lawrence-Hardy, a partner in the Sutherland Firm who was involved in CDC Software's defense in the Contract Lawsuit. In September 2015, Coen filed an abusive litigation lawsuit against Gabriel Mendel, an associate with the Sutherland

---

[2] Coen also filed a lawsuit against CDC Software and other defendants for defamation, which the trial court dismissed and which was affirmed by this Court in an unpublished opinion. See *Coen v. CDC Software Corp.*, 340 Ga. App. XXV (Feb. 17, 2017). Our Supreme Court recently reversed this Court and remanded the case with direction. See *Coen v. CDC Software Corp.,* __ Ga. __ (Case No. S17G1375; decided June 29, 2018). The defamation lawsuit is not at issue in the present appeal.

Firm involved in the Contract Lawsuit.[3] In June 2015, Coen filed an abusive litigation lawsuit against CDC Software, its successor Aptean, and several of their corporate officers and directors[4] (collectively, the "CDC Software Defendants"). Coen voluntarily dismissed without prejudice these abusive litigation lawsuits in May 2016.[5]

*The Present Abusive Litigation Lawsuit.* In September 2016, Coen filed the present abusive litigation action against the CDC Software Defendants and the Sutherland Firm, Lawrence-Hardy, and Mendel (collectively, the "Sutherland Defendants") in the State Court of DeKalb County, alleging that the present action was a valid renewal of the prior abusive litigation lawsuits that Coen had voluntarily dismissed.[6] The complaint alleged that the CDC Software Defendants and the

---

[3] The two Fulton County lawsuits involving the Sutherland Firm were later consolidated into a single case.

[4] The corporate officers and directors were Vincent L. Burkett, Monte Ford, Marc Teillon, James W. Fitzgibbons, and Kenneth R. Thompson.

[5] Coen had previously filed an application for interlocutory appeal challenging some of the rulings made by the trial court in the Fulton County proceedings, but this Court denied his application. See *Coen v. Sutherland Asbill & Brennan LLP* (Case No. A16I0066, denied Dec. 2, 2015).

[6] Coen sued other defendants that were later voluntarily dismissed without prejudice from the present action.

5

Sutherland Defendants had acted with malice and without substantial justification in the Contract Lawsuit by denying that CDC Software owed any payment whatsoever to Coen, despite an employment contract to the contrary, and by asserting baseless, boilerplate affirmative defenses without substantial justification for a wrongful purpose. The complaint further alleged that as a result of the aggressive, unfounded conduct of the defendants in the Contract Lawsuit, Coen was forced to litigate over a protracted period of almost two years against a defense with no basis whatsoever in order to recover a valid debt. Additionally, the complaint alleged that the misconduct of the CDC Software Defendants and the Sutherland Defendants had been conclusively established by the trial court in its order granting attorney fees and expenses under OCGA § 9-15-14 in the Contract Lawsuit.

Among other claims in his complaint,[7] Coen asserted a claim for abusive litigation under OCGA § 51-7-80 et seq. and sought damages for injury to his peace,

---

[7] Coen also asserted a claim for breach of contract that he later voluntarily dismissed without prejudice. Additionally, Coen asserted a claim for attorney fees and expenses under OCGA § 13-6-11, but the trial court dismissed that claim, and Coen does not challenge that ruling on appeal. Coen likewise does not challenge the trial court's ruling that the defendants could not be held jointly and severally liable on his abusive litigation claim.

happiness, and feelings under OCGA § 51-12-6,[8] alleging that the defendants'

misconduct in the Contract Lawsuit caused him mental distress and was malicious,

wilful, and wanton. Coen also sought punitive damages under OCGA § 51-12-5.1.[9]

Coen did not seek special damages, including any special damages for the attorney

fees and expenses he had incurred in the Contract Lawsuit because, as previously

noted, the trial court had awarded him those fees and expenses pursuant to OCGA §

9-15-14 as part of that prior litigation.

The trial court subsequently granted motions to dismiss the present action filed

by the CDC Software Defendants and the Sutherland Defendants, concluding that

while Coen had filed a timely renewal action, he had failed to allege all of the

---

[8] OCGA § 51-12-6 provides:
In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded.

[9] OCGA § 51-12-5.1 provides in part:
(b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.
(c) Punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant.

requisite elements of a claim for abusive litigation. In this regard, the trial court found that OCGA § 51-7-83[10] and precedent of this Court required that special damages be specifically pled in the complaint to support an abusive litigation claim. The trial court further concluded that damages for mental distress under OCGA § 51-12-6 "could not serve as the basis for special damages" and that punitive damages under OCGA § 51-12-5.1 were not available for an abusive litigation claim. Consequently, the trial court concluded that Coen had failed to allege the types of damages necessary to support a separate cause of action for abusive litigation, such that his sole remedy was a motion for attorney fees and expenses under OCGA § 9-15-14, which Coen already had successfully pursued in the Contract Lawsuit. Accordingly, the trial court dismissed with prejudice Coen's complaint in its entirety. Coen

---

[10] OCGA § 51-7-83 provides:
(a) A plaintiff who prevails in an action under this article shall be entitled to all damages allowed by law as proven by the evidence, including costs and expenses of litigation and reasonable attorney's fees.
(b) If the abusive litigation is in a civil proceeding of a court of record and no damages other than costs and expenses of litigation and reasonable attorney's fees are claimed, the procedures provided in Code Section 9-15-14 shall be utilized instead.
(c) No motion filed under Code Section 9-15-14 shall preclude the filing of an action under this article for damages other than costs and expenses of litigation and reasonable attorney's fees. Any ruling under Code Section 9-15-14 is conclusive as to the issues resolved therein.

thereafter filed a motion for reconsideration, which the trial court denied. This appeal followed.[11]

1. Coen contends that the trial court erred in dismissing his abusive litigation claim on the ground that he failed to plead any special damages. According to Coen, a party asserting a statutory abusive litigation claim is entitled to forego special damages and pursue general damages for mental distress under OCGA § 51-12-6 for malicious, wilful, or wanton misconduct in the underlying litigation, as Coen chose to do in his complaint. We agree.

As an initial matter, we note that "[s]pecial damages are those which actually flow from a tortious act; they must be proved in order to be recovered." OCGA § 51-12-2 (b). In contrast, "[g]eneral damages are those which the law presumes to flow from any tortious act; they may be recovered without proof of any amount." OCGA § 51-12-2 (a). Damages for mental distress under OCGA § 51-12-6 are a form of general damages. See *Land v. Boone*, 265 Ga. App. 551, 553 (a) (594 SE2d 741)

---

[11] "A motion for reconsideration does not extend the time for filing a notice of appeal." (Citation and punctuation omitted.) *Archer Forestry, LLC v. Dolatowski*, 331 Ga. App. 676, 681 (4) n. 20 (771 SE2d 378) (2015). But, the trial court granted Coen an extension to file his notice of appeal from the order dismissing his complaint. See OCGA § 5-6-39 (a) (1), (c). The trial court ruled on Coen's motion for reconsideration before the extension of time expired, and Coen then timely filed his notice of appeal from the trial court's dismissal order.

(2004). OCGA § 51-12-6 does not itself create a cause of action for mental distress; rather, it "prescribes the measure of recovery" for mental distress damages where an underlying tort already exists that supports a recovery of that type of damages. See *Reeves v. Edge*, 225 Ga. App. 615, 619 (4) (484 SE2d 498) (1997). If the underlying tort authorizes the recovery of mental distress damages under OCGA § 51-12-6, then the plaintiff may elect to forego special damages and instead pursue general damages for mental distress. See *Vogtle v. Coleman*, 259 Ga. 115, 116 (1) (376 SE2d 861) (1989). However, "[i]f damages for mental pain and suffering sought under this section are not accompanied by physical or pecuniary loss, recovery is allowed only if the conduct complained of was malicious, wilful or wanton." (Citation and punctuation omitted.) *Sletto v. Hosp. Auth.*, 239 Ga. App. 203, 204-205 (1) (521 SE2d 199) (1999). See *Dierkes v. Crawford Orthodontic Care, P.C.*, 284 Ga. App. 96, 101 (4) (643 SE2d 364) (2007).

Against this legal backdrop, we turn to whether a party pursuing an action for abusive litigation must plead and prove special damages or instead can elect to seek general damages for mental distress under OCGA § 51-12-6. In *Yost v. Torok*, 256 Ga. 92, 95-96 (12), (13) (344 SE2d 414) (1986), the Supreme Court of Georgia redefined into a single cause of action the common law torts pertaining to abusive

litigation of malicious abuse of process and malicious use of process. See *Great Western Bank v. Southeastern Bank*, 234 Ga. App. 420, 421 (507 SE2d 191) (1998). Subsequently, in 1989, the General Assembly created a new statutory cause of action for abusive litigation, codified at OCGA § 51-7-80 et seq., which revised and replaced all common law torts for abusive litigation, including the tort enunciated by our Supreme Court in *Yost*. See Ga. L. 1989, p. 408, § 2. See also OCGA § 51-7-85;[12] *Great Western Bank*, 234 Ga. App. at 421. Unlike prior common law torts for abusive litigation, the new statutory regime "creates an independent cause of action [that] is not procedurally ancillary to the underlying proceeding, except where only attorney fees are sought." *Great Western Bank*, 234 Ga. App. at 422. See OCGA §§ 51-7-83 (b); 51-7-84 (b).[13]

---

[12] OCGA § 51-7-85 provides:
On and after April 3, 1989, no claim other than as provided in this article or in Code Section 9-15-14 shall be allowed, whether statutory or common law, for the torts of malicious use of civil proceedings, malicious abuse of civil process, nor abusive litigation, provided that claims filed prior to such date shall not be affected. This article is the exclusive remedy for abusive litigation.

[13] OCGA § 51-7-84 (b) provides: "An action or claim under this article requires the final termination of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination." The statutory language of OCGA § 51-7-83 (b) is set forth supra in footnote 11.

11

Under the abusive litigation statutory scheme, "any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) with malice; and (2) without substantial justification." (Punctuation omitted.) *Bacon v. Volvo Svc. Center*, 288 Ga. App. 399, 400 (654 SE2d 225) (2007), quoting OCGA § 51-7-81. A party who prevails on a statutory abusive litigation claim is "entitled to all damages allowed by law as proven by the evidence, including costs and expenses of litigation and reasonable attorney[] fees." OCGA § 51-7-83 (a). If the party previously filed a motion for attorney fees and expenses under OCGA § 9-15-14 in the underlying litigation, then the party cannot seek fees and expenses as part of their independent statutory claim for abusive litigation under OCGA § 51-7-80 et seq., although the party can still seek other damages that were incurred. See OCGA § 51-7-83 (c).

Given this statutory language and framework, the trial court erred in holding that Coen was required to plead special damages to support an abusive litigation claim and could not instead elect to pursue general damages for mental distress under OCGA § 51-12-6. As previously noted, OCGA § 51-7-83 (a) permits a party who prevails on an abusive litigation claim to recover "*all* damages allowed by law as proven by the evidence" and, as a general rule, "all means all, every single one."

12

(Citation and punctuation omitted.) *Waste Mgmt. of Metro Atlanta v. Appalachian Waste Systems*, 286 Ga. App. 476, 481 (1) (649 SE2d 578) (2007). Accordingly, we discern no reason under the statutory language and scheme for requiring a party asserting an abusive litigation claim to plead and prove special damages; rather, a party can forego special damages and pursue an award of general damages for mental distress under OCGA § 51-12-6 based on the opposing party's litigation conduct that was malicious, wilful, or wanton.[14] See *Freeman v. Wheeler*, 277 Ga. App. 753, 757 (627 SE2d 86) (2006) (indicating that a plaintiff asserting a statutory abusive litigation claim can seek damages for mental distress under OCGA § 51-12-6 if there is wilful misconduct, but concluding that the plaintiff's claim failed because there was no evidence that the defendants' litigation conduct was wilful).

It is true that "[t]he abusive litigation tort set forth in OCGA § 51-7-80 et. seq. is in derogation of the common law, and must be strictly limited to the meaning of the language used, and not extended beyond the plain and explicit statutory terms."

---

[14] As noted above, proof of "malice" as defined by the statutory scheme is a substantive element of an abusive litigation claim. See OCGA § 51-7-81 (1); *Bacon*, 288 Ga. App. at 400. See also OCGA § 51-7-80 (5) (defining "malice"). We need not determine for purposes of this appeal whether the statutorily defined "malice" required to establish an abusive litigation claim is identical to the "malice" required to establish mental distress damages.

(Citation and punctuation omitted.) *Baylis v. Daryani*, 294 Ga. App. 729, 731-732 (2) (669 SE2d 674) (2008). See *Davis v. Wallace*, 310 Ga. App. 340, 345 (2) (713 SE2d 446) (2011). But, even if OCGA § 51-7-83 (a) is strictly construed to mean that a prevailing party can recover all damages allowed *at common law* for abusive litigation, that does not change the result here. Under the common law tort of abusive litigation as redefined in *Yost*, a prevailing party could forego special damages and instead pursue general damages for mental distress under OCGA § 51-12-6 where there was malicious, wilful, or wanton misconduct. See *Vogtle*, 259 Ga. at 116 (1); *Yost*, 256 Ga. at 95 (10); *Woodall v. Hayt, Hayt & Landau*, 198 Ga. App. 624, 626 (402 SE2d 359) (1991); *Cassidy v. Wilson*, 196 Ga. App. 6, 8 (395 SE2d 291) (1990); *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 80 (1) (387 SE2d 34) (1989).[15] Hence, even when construed strictly, OCGA § 51-7-83 (a) permits a party to forego

---

[15] As we have explained:
Under *Yost*, a plaintiff who has been subjected to abusive litigation can recover: "special damages other than attorney fees and expenses of litigation; damages for mental distress, where there is either wilfulness, or wanton and reckless disregard of consequences which is the equivalent of wilfulness; or nominal damages pursuant to OCGA § 51-12-4."
(Citation, punctuation, and emphasis omitted.) *Deutz-Allis Credit Corp.*, 193 Ga. App. at 80 (1), quoting *Yost*, 256 Ga. at 95 (10).

14

special damages and pursue general damages for mental distress under OCGA § 51-12-6 based on malicious, wilful, or wanton misconduct in the underlying litigation.

As noted by the trial court and the defendants, in *Condon v. Vickery*, 270 Ga. App. 322, 326-327 (3) (a) (606 SE2d 336) (2004), this Court stated that "the lawsuit contemplated by OCGA § 51-7-80 et seq. is appropriate in only two circumstances: when the allegedly abusive civil litigation occurs in a court other than one of record, or when the allegedly abused litigant can prove special damages in addition to the costs and expenses of litigation and attorney fees." Notably, however, *Condon* addressed the application of OCGA § 9-15-14 and whether a motion under that statute could be renewed under OCGA § 9-2-61 (a), and deciding the full scope of damages available for a statutory abusive litigation claim was not essential to that determination. Read in context, the quoted language from *Condon* was simply intended to highlight that damages other than attorney fees and expenses can be recovered as part of a statutory abusive litigation claim, in contrast to motions filed under OCGA § 9-15-14, which are limited to the recovery of such fees and expenses. Nothing in the comparison turned on which particular damages other than attorney fees and expenses could be recovered as part of a statutory abusive litigation claim. It follows that the passing reference to "special" damages in *Condon*

15

was obiter dicta lacking the force of an adjudication because it was a statement in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand. As the U.S. Supreme Court [has] noted, we are not bound to follow our dicta in a prior case where the point now at issue was not fully debated.[16] General expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for adjudication.

(Citation and punctuation omitted.) *Federal Trust Bank v. C. W. Matthews Contracting Co.*, 312 Ga. App. 200, 203-204 (1) (718 SE2d 63) (2011). See *CMGRP, Inc. v. Gallant*, 343 Ga. App. 91, 99 (2) (806 SE2d 16) (2017). The "very point" presented for adjudication in the present case is whether damages under the abusive litigation statutory scheme are limited to special damages. We therefore "decline to give force to the dicta [in *Condon*] because the language relied upon [by the trial court and the defendants] was not necessary to resolve the issues before [our] [C]ourt in [that case]." *Federal Trust Bank*, 312 Ga. App. at 204 (1).

---

[16] See *Century Virginia Community College v. Katz*, 546 U.S. 356, 363 (I) (126 SCt 990, 163 LE2d 945) (2006).

For these reasons, Coen was entitled to forego any recoverable special damages and elect to pursue general damages for mental distress under OCGA § 51-12-6, given that his complaint alleged that he had suffered mental distress as a result of the abusive litigation and that the defendants' litigation tactics had been malicious, wilful, and wanton.[17] Accordingly, the trial court erred in dismissing Coen's statutory abusive litigation claim on the ground that he had failed to plead special damages.

2. Coen also contends that the trial court erred in dismissing his claim for punitive damages under OCGA § 51-12-5.1 that was predicated on his statutory abusive litigation claim. We disagree. Our decision in *Sharp v. Greer, Klosik & Daugherty*, 256 Ga. App. 370, 372 (6) (568 SE2d 503) (2002) establishes that

---

[17] The defendants maintain that in Coen's brief seeking to quash discovery that Aptean sought from a third party, Coen made an admission in judicio that he did not suffer any emotional injury in this case. But "an admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact." (Citation and punctuation omitted.) *Lott v. Hatcher*, 275 Ga. App. 424, 425 (620 SE2d 651) (2005). And, an alleged admission in judicio must "be read in context to determine [its] meaning." *Meinhardt v. Christianson*, 314 Ga. App. 705, 709 (2) (b) (725 SE2d 828) (2012). Here, Coen's statement in his brief seeking to quash discovery was not a binding admission in judicio regarding his entitlement to mental distress damages for abusive litigation. Rather, when read in context, Coen's statement was simply part of a legal argument seeking to draw a distinction between his substantive claim for intentional infliction of emotional distress asserted in a separate defamation lawsuit and the damages for mental distress that he sought under OCGA § 51-12-6 as part of his abusive litigation claim.

17

punitive damages are not available for abusive litigation claims brought under OCGA § 51-7-80 et seq., and we decline to revisit the issue. See also *Freeman*, 277 Ga. App. at 757 (noting that "punitive damages [are] excluded from recovery in [an] action pursuant to OCGA § 51-7-80 et seq."); *Snellings v. Sheppard*, 229 Ga. App. 753, 757 (2) (494 SE2d 583) (1997) (physical precedent only) (concluding that because the abusive litigation statutory scheme is in derogation of the common law and must be strictly construed, OCGA § 51-7-83 (a) should not be construed "so dramatically as to authorize by silence the imposition of punitive damages when such damages were hitherto forbidden" under the common law as enunciated in *Yost*). The abusive litigation statutory scheme is itself "a mechanism for the deterrence of abusive litigation in the courts of this state." *Great Western Bank*, 234 Ga. App. at 422 (1). See *Yost*, 256 Ga. at 95 (10) n. 3. (noting that "punitive damages [were] excluded" from abusive litigation claims under the common law because the "tort itself [was] designed as a deterrent"). The trial court thus committed no error in dismissing Coen's claim for punitive damages.

3. Defendant Lawrence-Hardy contends that Coen's statutory abusive litigation claim failed as a matter of law because (a) she was not held personally liable for attorney fees under OCGA § 9-15-14 in the Contract Lawsuit and (b) the complaint

18

in the present lawsuit did not allege any facts reflecting sanctionable conduct on her part. According to Lawrence-Hardy, the trial court's dismissal of Coen's statutory abusive litigation claim against her should be affirmed under the "right for any reason" rule based on these two alternative grounds. See *Estate of Nixon v. Barber*, 340 Ga. App. 103, 105 (1) (796 SE2d 489) (2017) (noting that "we may affirm a dismissal if it is right for any reason"); *Reese Realty Co. v. Pal Realty Co.*, 182 Ga. App. 215, 217 (2) (355 SE2d 125) (1987) ("[A] judgment which is correct will not be reversed merely because the wrong reason is given for granting it."). See also *City of Gainesville v. Dodd*, 275 Ga. 834, 835, 838-839 (573 SE2d 369) (2002) (appellate courts have discretion as to whether to follow "right for any reason" rule and consider alternative grounds not addressed by trial court). We disagree.

(a) Contrary to Lawrence-Hardy's contention, there is no legal prerequisite that a defendant first must be found liable for attorney fees and expenses in the prior underlying litigation under OCGA § 9-15-14 before a statutory abusive litigation claim can be brought against him or her pursuant to OCGA § 51-7-80 et seq. Lawrence-Hardy cites to no case or statute that would support imposing such a prerequisite on the filing of a statutory abusive litigation claim, and we have found none. Hence, the fact that the trial court in the Contract Lawsuit did not address

whether to hold Lawrence-Hardy personally liable for attorney fees under OCGA § 9-15-14 did not preclude Coen's statutory abusive litigation claim brought against her in the present lawsuit.

(b) We also find unpersuasive Lawrence-Hardy's contention that Coen's complaint in the present lawsuit did not allege any misconduct on her part that would support an abusive litigation claim against her under OCGA § 51-7-80 et seq. As previously noted, Lawrence-Hardy was the partner in the Sutherland Firm who was involved in CDC Software's defense in the Contract Lawsuit, and Coen's complaint alleged that she and the other Sutherland Defendants acted with malice and without substantial justification in the Contract Lawsuit by denying that CDC Software owed any payment to Coen, despite an employment contract to the contrary, and by asserting baseless, boilerplate affirmative defenses without substantial justification for a wrongful purpose. The complaint further alleged that as a result of this malicious misconduct by the Sutherland Defendants, Coen was forced to litigate over an extended period of almost two years against a baseless defense. Additionally, Coen's complaint included as an exhibit the trial court's order granting attorney fees and expenses under OCGA § 9-15-14 in the Contract Lawsuit, which detailed the abusive litigation tactics of the Sutherland Firm, including the attorneys' deliberate

20

adoption of "a strategy of litigation by attrition" in an effort to force Coen to settle for a reduced sum. See *Montia v. First-Citizens Bank & Trust Co.*, 341 Ga. App. 867, 868-869 (1) (801 SE2d 907) (2017) (exhibits attached to and incorporated into complaint can be considered when ruling on motion to dismiss). Under these circumstances, we cannot say that Coen's complaint and attached exhibits in the present lawsuit, construed in the light most favorable to him and with all doubts resolved in his favor, discloses with certainty that Coen would not be entitled to relief against Lawrence-Hardy for abusive litigation under OCGA § 51-7-80 et seq. See supra Division 1 (discussing elements of statutory abusive litigation claim); *RES-GA McDonough, LLC*, 302 Ga. at 445-446 (setting out standard for motion to dismiss for failure to state a claim).

4. Lastly, the defendants argue that Coen's current lawsuit did not constitute a proper renewal action under OCGA § 9-2-61 (a) and that his statutory abusive litigation claim was time-barred under OCGA § 51-7-84 (b). The defendants contend that we should reverse the trial court's adverse ruling that Coen's current lawsuit was a timely and properly filed renewal action and affirm the dismissal of the entire lawsuit on that alternative basis.

The defendants did not file a cross-appeal from the trial court's adverse ruling, and "[t]he general rule is that an appellee must file a cross-appeal to preserve enumerations of error concerning adverse rulings." *Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987). See OCGA § 5-6-38 (a); *McGregor v. River Pond Farm*, 312 Ga. App. 652, 657 (3) (719 SE2d 546) (2011). However, "a ruling that becomes material to an enumeration of error urged by an appellant may be considered by the appellate court without the necessity of a cross-appeal." *Ga. Society of Plastic Surgeons*, 257 Ga. at 711 (1). Here, Coen enumerated as error on appeal the trial court's grant of the defendants' motion to dismiss. And, in granting the defendants' motion to dismiss, the trial court first addressed the threshold question of whether the Coen's current lawsuit constituted a timely and properly filed renewal action before turning to whether his complaint stated a statutory abusive litigation claim. See *Auto-Owners Ins. Co. v. Hale Haven Properties*, __ Ga. App. __ (Case Nos. A18A0132-A18A0134, A18A0147, decided June 1, 2018) (describing question of whether action was timely under renewal statute as a "threshold question"). Accordingly, whether Coen filed a timely and proper renewal action is material to a determination of whether the trial court's grant of the defendants' motion to dismiss was correct, and thus we will consider it. See *Ga.*

22

*Society of Plastic Surgeons*, 257 Ga. at 711 (1); *Brady v. Elevator Specialists*, 287 Ga. App. 304, 306 (1) (653 SE2d 59) (2007).

(a) "As we have held, a properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation. Accordingly, if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of limitation may have expired." (Citations and punctuation omitted.) *Blier v. Greene*, 263 Ga. App. 35, 36 (1) (a) (587 SE2d 190) (2003). See OCGA § 9-2-61 (a).[18] "While a plaintiff's substantial rights or a defendant's liability cannot be enlarged in a renewal action, the renewal action need not be identical to the first one." *Cushing v. Cohen*, 323 Ga. App. 497, 507 (3) (746 SE2d 898) (2013). What is required is that the new action "be substantially the same both as to the cause of action and as to the essential parties." (Punctuation and

---

[18] OCGA § 9-2-61 (a) provides:
When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

footnote omitted.) *Safi-Rafiq v. Balasubramaniam*, 298 Ga. App. 274, 275 (679 SE2d 822) (2009).

Coen filed the current lawsuit within six months after the dismissal of the prior actions in the State Court of Fulton County, and in those prior actions, Coen asserted claims for abusive litigation under OCGA § 51-7-80 et seq., the same substantive claims raised here. The prior actions also involved the same defendants currently involved in this lawsuit. Nevertheless, the defendants contend that the current lawsuit is not a proper renewal action because Coen changed venues for the litigation from Fulton County to DeKalb County and consolidated the three prior actions into one action.[19] We are unpersuaded.

As to venue, "OCGA § 9-2-61 establishes an exception to the statute of limitations, but makes no reference to the subject of venue. Consequently, Georgia courts have long recognized that a renewal action may be brought in any court of the

---

[19] The defendants also point out that Coen included additional claims other than statutory abusive litigation claims when he filed the current lawsuit, but our analysis under the renewal statute is conducted on a claim-by-claim basis. See *Auto-Owners Ins. Co.*, __ Ga. App. at __ (discussing timeliness of each claim separately under renewal statute); *Blier*, 263 Ga. App. at 36-39 (1) (same). And, the other claims asserted by Coen were voluntarily dismissed by Coen or were dismissed by the trial court, and the trial court's rulings on those claims have not been challenged on appeal. See supra note 7.

State in which jurisdiction is proper." *Total Equity Mgmt. Corp. v. Demps*, 191 Ga. App. 21, 25 (3) (381 SE2d 51) (1989). As to consolidation, the defendants fail to cite to any precedent, and we have found none, that precludes a plaintiff from consolidating prior voluntarily dismissed lawsuits into one renewal action. And, we discern no reason for precluding a consolidated renewal action particularly where, as here,[20] the defendants are sued jointly, but would only be severally liable, and thus do not face enlarged liability as a result of the consolidation. See *Cox v. Strickland*, 120 Ga. 104, 111 (47 SE 912) (1904) (concluding, in context of renewal action, that "[t]he presence or absence of [other] defendants severally liable was a matter in which the codefendants had no legal interest"). Cf. *Burks v. Wheeler*, 92 Ga. App. 478, 480 (88 SE2d 793) (1955) (every defendant in original action need not be sued in renewal action, where each defendant would be subject only to several liability on the plaintiff's claims).[21] Moreover, "[t]he renewal statute is remedial in nature [and] is

_____

[20] As previously noted, the trial court held that the defendants could only be held severally liable for abusive litigation, and Coen has not appealed that ruling. See supra note 7.

[21] *Burks* and *Cox* addressed earlier codifications of the renewal statute, but any differences between the prior statutory language and the present statute are not material to the issue here. See Code of 1933, § 3-808 (addressed in *Burks*) ("If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewal case shall stand upon the same footing,

25

construed liberally to allow renewal." *Hobbs v. Arthur*, 264 Ga. 359, 360 (1) (444 SE2d 322) (1994). Thus, contrary to the defendants' argument regarding venue and consolidation, Coen filed a proper renewal action.

(b) The defendants further argue that Coen cannot avail himself of the renewal statute because the current lawsuit was filed outside the one-year deadline for statutory abusive litigation claims imposed by OCGA § 51-7-84 (b), which the defendants contend is a statute of repose rather than a statute of limitation. See *Wright v. Robinson*, 262 Ga. 844, 846 (1) (426 SE2d 870) (1993) ("[T]he legislature never intended for the dismissal and renewal statutes to overcome the statute of repose."); *Siler v. Block*, 204 Ga. App. 672, 674 (1) (420 SE2d 306) (1992) ("[T]he renewal provisions of OCGA § 9-2-61 (a) may not be used to avoid the bar of the statute of repose."). We disagree.

Under OCGA § 51-7-84 (b), a statutory claim for abusive litigation "requires the final termination of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination." In

---

as to limitation, with the original case . . . ."); Civil Code of 1895, § 3786 (addressed in *Cox*) ("If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case . . . .").

determining whether OCGA § 51-7-84 (b) was intended by the legislature as a statute of repose or a statute of limitation, "we look first to the words of the statute to determine what that intent was[,] and if those words be plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further in determining what that intent was." (Citation and punctuation omitted.) *Early v. Early*, 269 Ga. 415, 416 (499 SE2d 329) (1998). Additionally, "all statutes are presumed to be enacted by the legislature with full knowledge of the existing law and with reference to it; they are therefore to be construed in connection and in harmony with the existing law." (Punctuation and footnote omitted.) *In the Interest of H. E. B.*, 303 Ga. App. 895, 896-897 (695 SE2d 332) (2010).

Under Georgia law, the distinction between a statute of limitation and a statute of repose is well-established. See *Simmons v. Sonyika*, 279 Ga. 378, 379 (614 SE2d 27) (2005).

> A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actionable. A statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent. The statute of repose destroys the previously

27

existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.

(Citations and punctuation omitted.) Id.

Applying these principles, we conclude that OCGA § 51-7-84 (b) is a statute of limitation rather than a statute of repose. Indeed, several prior cases of this Court have referred to OCGA § 51-7-84 (b) as a statute of limitation. See *Land v. Boone*, 265 Ga. App. 551, 552 (594 SE2d 741) (2004) ("An action for frivolous litigation has only a one-year statute of limitation . . . ."); *Wilson v. Hinely*, 259 Ga. App. 615, 616 (578 SE2d 254) (2003) (referring to "one-year statute of limitation" for statutory abusive litigation claims); *Nairon v. Land*, 242 Ga. App. 259, 261 (1) (529 SE2d 390) (2000) (referring to OCGA § 51-7-84 (b) as "statute of limitation"). And, we discern no reason for construing OCGA § 51-7-84 (b) differently here, given the language of the statute compared to other Georgia statutes of limitation and statutes of repose.

Georgia statutes of limitation commonly contain language stating that a claim "shall be brought" within a certain time period after the right has accrued. See, e.g., OCGA §§ 9-3-22 ("All actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued . . . ."); 9-3-24 ("All actions upon simple

28

contracts in writing shall be brought within six years after the same become due and payable. . . ."); 9-3-31 ("Actions for injuries to personalty shall be brought within four years after the right of action accrues."); 9-3-33 ("Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues . . . ."). OCGA § 51-7-84 (b) contains language similar to these statutes, stating that an abusive litigation claim "must be brought within one year of the date of final termination" of the underlying proceeding, i.e., within on year of when the right accrues.

Conversely, OCGA § 51-7-84 (b) does not contain prohibitive language comparable to that found in many Georgia statutes of repose. See, e.g., OCGA §§ 9-3-51(a) ("*No action* to recover damages . . . shall be brought against any person performing or furnishing the survey or plat, design, planning, supervision or observation of construction, or construction of such an improvement more than eight years after substantial completion of such an improvement.") (emphasis supplied); 9-3-71(b) ("Notwithstanding subsection (a) of this Code section, *in no event* may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.") (emphasis supplied); 34-9-245 ("*No claim* for reimbursement shall be allowed where the application for

29

reimbursement is filed more than two years from the date such overpayment was made.") (emphasis supplied); 51-1-11 (b) (2) ("*No action* shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.") (emphasis added).

Accordingly, OCGA § 51-7-84 (b), in light of its plain language and when construed in harmony with other relevant laws, constitutes a statute of limitation rather than a statute of repose. Compare *Trax-Fax v. Hobba*, 277 Ga. App. 464, 467-470 (2) (a) (627 SE2d 90) (2006) (concluding that OCGA § 34-9-245 was statute of repose rather than statute of limitation, given that it had "similar prohibitive language" to other statutes of repose, and given that a separate statute provided a statute of limitation for workers' compensation reimbursement claims). Consequently, the defendants' reliance on OCGA § 51-7-84 (b) as an alternative basis for affirming the dismissal of Coen's statutory abusive litigation claim is misplaced.

*Judgment affirmed in part and reversed in part. Andrews and Reese, JJ., concur.*